UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ESTERO DEVELOPMENT PARTNERS, LP** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-1082-SDD-RLB** |
| **HARVEY HONORE CONSTRUCTION COMPANY, LLC, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 8, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ESTERO DEVELOPMENT PARTNERS, LP     CIVIL ACTION

VERSUS     NO. 18-1082-SDD-RLB

HARVEY HONORE CONSTRUCTION
COMPANY, LLC, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff's Motion for Leave of Court to File Third Amended Complaint. (R. Doc. 47). The motion is opposed (R. Doc. 55). Plaintiff filed a reply. (R. Doc. 58).

**I.     Background**

On December 14, 2018, Estero Development Partners, LP ("Estero" or "Plaintiff") commenced this diversity action naming as defendants Harvey Honore Construction Company, LLC ("Honore Construction") and Hyacinth Village Properties, LLC ("Hyacinth Village"). Estero alleges that Hyacinth Village sold it Lots 1-16 of Tract A-1 of Hyacinth Townhomes and Hyacinth Village dedicated all of Tract A-1 of Hyacinth Townhomes as a common area and created a servitude of use on all of Tract A-1 in favor of the occupants of Hyacinth Townhomes. (R. Doc. 1 at 2). Estero further alleges that it entered into a construction contract with Honore Construction for the construction of residences on Lots 1-16 of Hyacinth Townhomes. (R. Doc. 1 at 2).

Estero alleges that the Permit and Inspection Division of the City of Baton Rouge/Parish of East Baton Rouge ("EBR Permit Office") issued stop work orders on the construction, and

---

[1] Because resolution of this motion has a direct effect on this court's jurisdiction, the undersigned has determined that a Report and Recommendation to the district judge is appropriate.

Honore Construction nevertheless commenced work without the required permits and failed to conform with approved plans by EBR Permit Office, including failing to properly stake out the lots, failing to determine proper elevations, erecting structures out of designated lot lines, and construction driveways that did not match the approved plans submitted to the EBR Permit Office. (R. Doc. 1 at 3-4). After the issuance of certain independent reports by Grants Design, LLC ("Grants Design") and Southeast Engineers, L.L.C. ("Southeast Engineers"), Estero notified Honore Construction that it was terminating the construction contract. (R. Doc. 1 at 4-5). Estero alleges that Honore Construction breached the construction contract by failing to obtain all requisite permits, failing to comply with the stop work orders, and failing to perform the work in accordance with the contract. (R. Doc. 1 at 6-8). Estero also seeks a declaration that the dedication of all of Tract A-1 is valid and enforceable. (R. Doc. 1 at 9).

Estero filed an Amended Complaint clarifying that there is complete diversity pursuant to 28 U.S.C. § 1332 because Estero is a citizen of South Carolina and New Zealand, Honore is a citizen of Louisiana, and Hyacinth is a citizen of Louisiana. (R. Doc. 5).

Honore Construction and Hyacinth Village filed a counterclaim in which they assert the plans submitted by Estero's architect, Grants Design, did not comply with permit requirements, and that Estero nevertheless instructed construction to begin without the proper permits. (R. Doc. 15 at 1-2). In short, Honore Construction and Hyacinth Village assert that the stop work orders issued by the EBR Permit Office were invalid, and to the extent they were valid, were due to Estero and Grants Design submitting defective plans leading to property encroachments, violation of structural setback requirements, and other issues. (R. Doc. 15 at 2-4). Honore Construction and Hyacinth Village seek, among other things, payments on invoices for the work done and a retainage amount on a side letter agreement. (R. Doc. 15 at 5).

BRH Consultants, Inc. ("BRH Consultants"), a subcontractor on the project, intervened to obtain relief from Estero for labor and materials supplied for the project. (R. Doc. 22). Honore Construction, Hyacinth Village, and BRH Consultants are all owned by Brent Honore. (R. Doc. 30 at 1-2; R. Doc. 55 at 2).

In its Second Amended Complaint, Estero named Grants Design, a citizen of Louisiana, and TitlePlus, L.L.C. ("TitlePlus"), a citizen of Louisiana, as additional defendants. (R. Doc. 30). Estero alleges that TitlePlus, the title examiner and closing agent on the sale of the property, was negligent in failing to convey the entirety of the purchased tract of land. (R. Doc. 30 at 13-14). Estero alleges that Grants Design was in breach of the architectural contract and negligent with respect to the architectural designs. (R. Doc. 30 at 14-16).[2]

On August 7, 2019, Estero filed motions for partial summary judgment against Hyacinth Village and BRH Consultants. (R. Docs. 44, 45). None of the defendants have filed any dispositive motions.

On August 20, 2019, Estero filed the instant Motion for Leave of Court to File Third Amended Complaint. (R. Doc. 47). Estero seeks to name Kate Deumite Robert, a citizen of Louisiana, and WFG National Title Insurance Company ("WFG"), a citizen of South Carolina and Oregon, as additional defendants in this action. (R. Doc. 47). Estero seeks to allege that Ms. Robert issued and provided a title opinion to TitlePlus, which formed the basis for issuance of a title policy by WFG, and breached her duty by failing to act as a reasonable and prudent title attorney with respect to the conveyance of rights associated with Tract A-1. (R. Doc. 47-3 at 17-18). Estero further seeks to make a claim against WFG under its title policy with respect to its

---

[2] The Clerk of Court has entered a default with respect to Grants Design. (R. Doc. 46).

alleged negligence in failing to convey the entirety of Tract A-1 of Hyacinth Townhomes. (R. Doc. 47-3 at 15-16).

In filing the instant motion, Estero specifically represented that counsel for Honore Construction, Hyacinth Village Properties, BRH Consultants, and TitlePlus advised that they had no objection to the filing of Estero's Third Amended Complaint. (R. Doc. 47 at 1-2). Estero timely filed the motion on the Court's deadline to seek amendment. (R. Doc. 38). The motion does not, however, address the effect of entering the Third Amended Complaint into the record on subject matter jurisdiction given that Estero and WFG are both citizens of South Carolina.

On September 3, 2019, the Court held a telephone conference with the parties to discuss the foregoing issue. (R. Docs. 51, 53). At the conference, Plaintiff's counsel acknowledged that he did not realize at the time the motion was filed that the addition of WFG as a defendant would destroy diversity and informed the Court that Plaintiff would nevertheless like to add WFG as a defendant and refile the action in state court after dismissal for lack of subject matter jurisdiction. (R. Doc. 53 at 1). Defense counsel advised that they had not yet had the opportunity to discuss the effect of entering the Third Amended Complaint into the record on subject matter jurisdiction with their clients. (R. Doc. 52 at 1). The Court provided defendants the time allowed by the local rules to oppose the motion. (R. Doc. 53 at 2).

On September 10, 2019, Honore Construction, Hyacinth Village Properties, BRH Consultants filed an opposition. (R. Doc. 55). These defendants assert that "Estero is now seeking to add a defendant to deliberately destroy jurisdiction" as an "end-run" to the requirements of Rule 41(a)(2) of the Federal Rules of Civil Procedure. (R. Doc. 55 at 3). The defendants further assert that the Court should scrutinize the amendment more closely than an ordinary amendment by applying the factors announced in *Hensgens v. Deere & Co.*, 833 F.2d

1179 (5th Cir. 1987) because the motion is seeking to add a non-diverse defendant. (R. Doc. 55 at 3). The defendants further assert that WFG is not a required party under Rule 19(a)(1) of the Federal Rules of Civil Procedure, given that its addition would destroy subject matter jurisdiction. (R. Doc. 55 at 4-5).

In reply, Estero asserts that the opposition "inappropriately accuses Estero of subverting the Federal Rules of Civil Procedure, without offering evidence in support of the same, and in direct contradiction of statements made by Estero's counsel to this Court in a call with the magistrate judge." (R. Doc. 58 at 1). Estero further asserts that amendment is proper notwithstanding application of the *Hensgens* factors. (R. Doc. 58 at 2-3).

## II.    Law and Analysis

### A.    Legal Standards

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). In determining whether to grant leave, a court may consider several factors, including among other things, the movant's "bad faith or dilatory motive" and the

"futility" of the amendment. *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### B. Analysis

Having considered the record and the arguments of the parties, the Court concludes that amendment is appropriate for the purposes of adding the non-diverse defendants under Rule 15(a)(2). Estero timely filed the motion to amend. There is no evidence of bad faith or dilatory motive. The defendants raise no arguments that amendment is futile or would result in undue prejudice. At most, the defendants assert that WFG is not a required party under Rule 19(a)(1) because the addition of WFG would deprive the Court of subject matter jurisdiction. But the defendants raise no plausible argument that permissive joinder of WFG is unavailable under Rule 20(a)(2), which allows a plaintiff to join into one action all defendants whose alleged liability to the plaintiff arises out of the same transaction or occurrence and whose alleged liability shares questions of law or fact.

The defendants assert that the Court should scrutinize the proposed amendment more closely in light of the addition of a non-diverse defendant even though this action was originally filed in federal court. To be clear, additional scrutiny is required where the plaintiff seeks to name a non-diverse defendant in a *removed* action. Since joinder of a non-diverse defendant after removal would destroy diversity jurisdiction and require remand, a court has discretion to

permit or deny joinder. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). When an amendment seeks to add a nondiverse party that would destroy jurisdiction altogether in a removed action, the court must balance the factors as set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). The court should "scrutinize that amendment more closely than an ordinary amendment" and should generally consider four factors to determine whether the amendment is appropriate: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Id*. at 1182. If the court permits the addition of a nondiverse defendant, it must remand the action to the state court. *Id*. Courts have found that the *Hensgens* decision is codified in 28 U.S.C. § 1447(e). *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).

The Court is not convinced that the *Hensgens* factors apply to the instant motion.[3] The *Hensgens* decision considered forum-manipulation concerns that arise where an action is removed from state court and the plaintiff seeks to add a non-diverse defendant to obtain remand of the action. In *Hensgens*, the Fifth Circuit acknowledged that "the removal statutes are predicated on giving the diverse defendants a choice of a state or federal forum" and "the addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum." *Hensgens*, 833 F.2d at 1182. These forum-manipulation concerns are not present where, as in this action, the plaintiff chose to file in

---

[3] The defendants make no reference to 28 U.S.C. § 1447(e), which clearly does not apply in this non-removed action.

federal court. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n. 6 (2007) ("[R]emoval cases raise forum-manipulation concerns that simply do not exist when it is the *plaintiff* who chooses a federal forum and then pleads away jurisdiction through amendment.").

Even if the Court scrutinized the amendment more closely in light of the *Hensgens* factors, the defendants have not established that the motion should be denied in light of those factors. The record provides that Estero's motion to amend was not filed to defeat jurisdiction, Estero timely filed the motion, and Estero has an interest in bringing all defendants in a single lawsuit. The defendants will not face undue prejudice by the amendment and dismissal. The defendants will have the opportunity to present their counterclaims if Estero files a new action in state court and may otherwise file their own action in federal court (assuming, as suggested by the defendants, that a federal court would have diversity jurisdiction over their claims). This action is still in its discovery stage and the only party who has filed dispositive motions is Estero.

Finally, the defendants argue that Estero is attempting an "end-run" of Rule 41(a)(2) by seeking leave to amend to add a non-diverse party.[4] Again, the record provides that Estero did not file its motion to amend for the purpose of destroying complete diversity. Indeed, the defendants originally consented to the motion as filed and only opposed the motion when the Court informed the parties that the amendment would result in lack of subject matter jurisdiction and dismissal of the action. Plaintiff did not file a motion for voluntary dismissal under Rule 41. Instead, Estero filed a timely motion to amend the pleadings that would result in the addition of a non-diverse defendant. Estero has provided no convincing argument that the Court should

---

[4] Rule 41(a)(2) provides, in pertinent part, that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2).

construe Plaintiff's motion to amend (which was originally unopposed) as a deliberate attempt to circumvent the requirements of Rule 41(a)(2).

As amendment is proper under Rule 15(a)(2), dismissal of this action for lack of subject matter jurisdiction is required under Rule 12(h)(3). *See Thommassie v. Antill Pipeline Const. Co.*, No. 12-2750, 2014 WL 2520051, at *1 (E.D. La. June 4, 2014) (motion to dismiss filed after the addition of a non-diverse defendant in an action originally filed in federal court "is properly evaluated under Rule 12(b)(1) or 12(h)(3), which pertain to dismissal for lack of subject matter jurisdiction, not Rule 41(a)(2), which pertains to voluntary dismissal."); *see also Wilkinson v. D.M. Weatherly Co.*, 655 F.2d 47, 48-49 (5th Cir. 1981) (distinguishing relief under Rule 41(a)(2) and Rule 12(h)(3)).

### III.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave of Court to File Third Amended Complaint (R. Doc. 47) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Court instruct the Clerk's Office to enter Plaintiffs' Amended Complaint (R. Doc. 47-3) into the record.

**IT IS FURTHER RECOMMENDED** that subsequent to the entry of the Third Amended Complaint into the record, which will destroy diversity jurisdiction in this action, the action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Signed in Baton Rouge, Louisiana, on November 8, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**